UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

EVELYN PIERSON,

        Plaintiff,

  vs.

LINDA S. MCMAHON,

        Defendant.

3:06-CV-00163-LRH (VPC)

**REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE**

July 9, 2007

       This Report and Recommendation is made to the Honorable Larry R. Hicks, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4. Before the court is plaintiff's motion for remand of the commissioner's decision (#8). Defendant filed a cross motion to affirm the commissioner's decision and opposition to the plaintiff's motion to remand (#9). The court has thoroughly reviewed the record and the parties' motions and finds that defendants' cross motion to affirm (#9) should be granted.

### I. HISTORY & PROCEDURAL BACKGROUND

**A. Administrative Proceedings**

       Evelyn Pierson ("plaintiff") filed an application for Supplemental Security Income payments on November 5, 2002 (AR at 18). The claim was denied initially and on request for reconsideration. *Id*. Plaintiff timely filed a request for a hearing on May 21, 2004. *Id*. Plaintiff appeared and testified before the administrative law judge ("ALJ") at a hearing on March 9, 2005. *Id*. In a decision dated July 29, 2005, the ALJ determined that plaintiff was not disabled within the meaning of the Social Security Act ("SSA"). *Id*. at 31. The Appeals Council denied plaintiff's request for review, and the decision of the ALJ became final on January 26, 2006. *Id*. at 6. Having exhausted all administrative remedies, plaintiff filed a complaint seeking judicial

review of the ALJ's decision on March 27, 2006 (#1). Pursuant to the District Court's order concerning the review of social security cases (#7), plaintiff filed a motion to remand (#8).

**B. Background**

Plaintiff is a forty-five-year-old high school graduate (AR at 19). Plaintiff has past work experience as a bartender and computer board assembly worker.[1] *Id.* Plaintiff's last employment was as a bartender at Break-A-Heart bar in 1996. *Id*. at 78. Plaintiff alleges that she became disabled on August 1, 2000 due to chronic obstructive pulmonary disease with asthma, arthritis in her knees, bursitis in her shoulders, high blood pressure, and diabetes. *Id*. at 18.

The ALJ found the plaintiff not disabled at step five because he found the plaintiff capable of performing work that exists in significant numbers in the national economy. *Id*. at 31. Specifically, the ALJ made the following findings:

1. The claimant has not engaged in substantial gainful activity since the alleged onset of disability.

2. The claimant's chronic obstructive pulmonary disease, non-insulin dependant diabetes, degenerative disc disease of the lumbar spine, and morbid obesity are considered "severe" based on the requirements in the Regulations 20 CFR § 416.920(c).

3. These medically determinable impairments do not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4.

4. The undersigned finds the claimant's allegations regarding her limitations are not totally credible for the reasons set forth in the body of the decision.

5. The claimant has the following residual functional capacity: the claimant retains the residual functional capacity for substantially all of the full range of sedentary work as particularly described in the body of the decision.

6. The claimant is unable to perform any of her past relevant work (20 CFR § 416.965).

7. The claimant is a "younger individual" (20 CFR § 416.963).

8. The claimant has a "high school (or high school equivalent) education" (20 CFR § 416.964).

---

[1]The ALJ found that plaintiff's experience as a computer board assembly worker was not relevant work experience because it occurred in 1984 and 1985, placing it more than fifteen years before the onset of disability (AR 29).

- 2 -

9. The claimant has no transferable skills from any past relevant work and/or transferability of skills is not an issue in this case (20 CFR § 416.968).

10. The claimant has the residual functional capacity to perform substantially all of the full range of sedentary work (20 CFR § 416.967).

11. Based on an exertional capacity for sedentary work, and the claimant's age, education, and work experience, the claimant is able to make a successful adjustment to work that exists in significant numbers in the national economy; a finding of "not disabled" is therefore directed by Rule 201.21 of the Medical Vocational Guidelines, Appendix 2, Subpart P, Regulations No. 4.

12. The claimant has not been under a "disability," as defined in the Social Security Act, at any time through the date of this decision (20 CFR § 416.920(g)).

*Id*. at 30-31.

## II. DISCUSSION & ANALYSIS

### A. Discussion

#### 1. Standard of Review

The court must uphold the decision of an administrative law judge if the ALJ properly applied the correct legal standards and her findings of fact are supported by substantial evidence in the record. *Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996); 42 U.S.C. § 405(g). "Substantial evidence" is "relevant evidence which a reasonable person might accept as adequate to support a conclusion." *Matthews v. Shalala*, 10 F.3d 678, 679 (9th Cir. 1993). "To determine whether substantial evidence exists [the court must] look at the record as a whole, considering both evidence that supports and undermines the ALJ's findings. However, if evidence is susceptible of more than one rational interpretation, the decision of the ALJ must be upheld." *Orteza v. Shalala*, 50 F.3d 748, 749 (9th Cir. 1995) (internal citations omitted). The ALJ alone is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities. *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999).

The SSA defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which ... has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). A claimant is considered disabled "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot ...

- 3 -

1  engage in any other kind of substantial gainful work which exists in the national economy ....”
2  42 U.S.C. § 423(d)(2)(A).

3        Pursuant to the SSA, the Secretary has adopted regulations which establish a formalized,
4  five-step sequential evaluation process to determine whether a claimant is disabled. *See* 20
5  C.F.R. § 404.1520. The ALJ considers: (1) whether the person is engaging in substantial gainful
6  activity; (2) whether the alleged impairment or impairments are sufficiently severe; (3) whether
7  the impairment meets or equals a listed impairment and meets the duration requirement; (4)
8  whether the individual is capable of doing work he or she has done in the past; and (5) whether
9  the impairment prevents the person from doing any other work. *Id.* If at any point in the five-step
10 inquiry it is determined that a claimant is or is not disabled, further review is unnecessary. *Id*.

11 **B. Analysis**

12 Plaintiff seeks remand on the grounds that (1) the ALJ improperly rejected the opinions
13 of plaintiff's treating mental health counselors; (2) the ALJ erred in finding plaintiff's mental
14 impairments non-severe; (3) the ALJ erred in not considering plaintiff's mental impairments in
15 his residual functional capacity analysis; and (4) the ALJ erred in not calling a vocational expert
16 to testify on the effects of her non-exertional impairments on her ability to work (#8).

17 **1. The ALJ's Rejection of the Opinions of Plaintiff's Treating Mental Health Counselors**

18 
19 Plaintiff alleges that the ALJ improperly rejected the opinion of Ms. Estrada, plaintiff's
20 mental health counselor (#8 at 4-7). Defendant first argues that a mental health counselor is not
21 an "acceptable medical source" under 20 C.F.R. § 416.913 (#9 at 4).

22 Section 416.913(a), which sets out the sources who may provide evidence to establish an
23 impairment, identifies "licensed physicians" as "acceptable medical sources." Social workers are
24 identified as "other sources" of information. *See* 20 C.F.R. § 416.913(d)(3). Evidence from
25 "other sources" are "in addition to evidence from the acceptable medical source," and are used
26 to demonstrate "the severity of [the] impairment and how it affects [the] ability to work." *Id*. A
27 social worker's opinion is an "acceptable medical source" only if the social worker acts as an
28 agent of a licensed physician. *Gomez v. Chater*, 74 F.3d 967, 970-71 (9th Cir. 1996). Evidence
   from "other sources" may be accorded less weight than evidence from "acceptable medical

1   sources." *Id*.

2   In this case, a treating physician did not sign plaintiff's social workers' reports; therefore, the reports are not opinions from "acceptable medical sources" under the regulations. The ALJ was not required to find substantial evidence in the record to contradict Ms. Estrada's opinion that plaintiff suffered from severe mental disabilities, in order to reject the opinion of Ms. Estrada. *See Polny v. Bowen*, 864 F.2d 661, 664 (9th Cir. 1988) ("In this case the administrative law judge did not identify the ... report as that of a treating physician but as a letter from a social worker. The judge accordingly did not set out specific reasons for rejecting the report... ."). The court finds that the ALJ did not err in his rejection of Ms. Estrada's opinion.

Next plaintiff argues that Ms. Estrada is a "treating physician" (#8 at 6). Plaintiff argues that because Ms. Estrada was a treating physician, the opinion of Dr. Lewis, an examining physician, could not be used to reject Ms. Estrada's opinion without finding substantial corroborating evidence in the record. *Id.* at 5. However, as noted above, Ms. Estrada is not a physician. Plaintiff herself refers to Ms. Estrada as a "licensed clinical social worker." *Id.* Because Ms. Estrada is not a treating physician, the court finds that the ALJ did not err in rejecting her opinion in favor of the opinion of plaintiff's examining physician, Dr. Lewis.

Even assuming that Ms. Estrada should be considered a treating physician, the ALJ could properly reject her opinion if he gave "clear and convincing" reasons. *See Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991). Ninth Circuit cases distinguish between three types of physicians: (1) those who treat (treating physicians), (2) those who only examine the claimant (examining physicians), and (3) those who neither examine nor treat (non-examining physicians). *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). Courts give more weight to the treating physician's opinion than that of the examining physician, and to the examining physician's opinion than that of the non-examining physician. *Id*. At least where the treating physician's opinion is not contradicted by another opinion, it may be rejected only for "clear and convincing reasons." *Id*.

In this case, the ALJ considered plaintiff's own testimony about her daily activities. He noted that she takes care of her two children, one of whom is mentally disabled, by cooking,

1  cleaning and taking them to school (AR 22).  The ALJ also noted that plaintiff runs errands and
2  shops independently and that progress reports on plaintiff's depression indicated that medication
3  had controlled most of plaintiff's difficulties.  *Id.*  Plaintiff was sleeping better, was not
4  experiencing suicidal thoughts, and was more energetic.  *Id.*  These are clear and convincing
5  reasons to reject Ms. Estrada's testimony, assuming *arguendo* that she is a treating physician.
6  The court finds that the ALJ did not err in rejecting Ms. Estrada's opinion in favor of Dr. Lewis's
7  opinion.

8  Plaintiff also contends that the ALJ erred in not addressing why he credited Dr. Lewis's
9  opinions above those of plaintiff's other treating mental health counselor (#8 at 7).[2]  As concluded
10 above, a mental health counselor is not an "acceptable medical source" pursuant to 20 C.F.R. §
11 416.913.  Therefore, the ALJ was not required to credit the opinion of plaintiff's other treating
12 mental health counselor above Dr. Lewis's opinion.  Further, it appears that the ALJ did address
13 the opinion of plaintiff's other treating mental health counselor.  The ALJ stated in his decision:

> The claimant's counselor... found that the claimant had
> substantial difficulties with several basic mental work activities
> (Exhibit 11F). ...however, based on the substantial objective
> record, the undersigned finds that [the counselor's] opinion is
> contradicted by the claimant's reported daily activities and
> functional abilities exhibited upon examination.  Given her
> gross misinterpretation of the claimant's mental functioning, the
> undersigned finds that [the counselor's] opinion is worthy of
> little weight (SSR 96-6p).

19 (AR 27).[3]  Therefore, the ALJ considered the opinion of plaintiff's other treating counselor and
20 found that it was "worthy of little weight."  *Id.*  The court finds that the ALJ satisfactorily
21 explained why he credited Dr. Lewis's opinion over the opinion of plaintiff's other treating
22 counselor.

23 **2. The ALJ's Conclusion that the Plaintiff's Mental Health Impairments are not Severe**

24 Plaintiff claims that the ALJ improperly concluded that her mental impairments are non-

---

[2] The record is unclear on who the other treating mental health counselor is.  Exhibit 11F is signed illegibly and neither the ALJ nor the plaintiff provides a name for any counselor besides Ms. Estrada.

[3] The ALJ refers to Ms. Estrada throughout this paragraph and he cites exhibit 11F as evidence of Ms. Estrada's findings.  *Id.*  However, Ms. Estrada did not fill out exhibit 11F.  Plaintiff's other treating counselor filled out the report.

- 6 -

1  severe, and as a result, failed to consider plaintiff's mental health impairments when making his
2  disability determination (#8 at 8). Defendants argue that the ALJ based his conclusion on
3  substantial evidence in the record; therefore, his conclusion of a non-severe impairment is not in
4  error (#9 at 7-8).

Pursuant to 20 C.F.R. § 404.1521(a), an impairment is non-severe "if it does not significantly limit your physical or mental ability to do basic work activities." *See also Corrao v. Shalala*, 20 F.3d 943, 949 (9th Cir. 1994) (stating that "an impairment may be found not severe only when evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work"). The court concludes that the ALJ based his determination of a non-severe mental impairment on substantial evidence. The ALJ considered the treating notes of plaintiff's physicians, which demonstrate that plaintiff's symptoms were improving and that plaintiff's symptoms were well controlled with medication (AR 21). As noted above, plaintiff takes care of her two children, one of whom is mentally disabled, by cooking, cleaning and taking them to school. *Id*. at 22. Plaintiff runs errands and shops independently. *Id*. The treating physicians' progress reports also indicated that medication had controlled most of plaintiff's problems with depression. *Id*. Plaintiff was sleeping better, was not experiencing suicidal thoughts, and had more energy. *Id*. Further, as concluded above, the opinions of Ms. Estrada and plaintiff's other treating mental health counselor were not opinions from acceptable medical sources, and the ALJ was not required to give them controlling weight.

The ALJ credited the opinion of Dr. Lewis because the ALJ found that the opinion comported with the treating physician's notes and plaintiff's own testimony concerning her ability to complete daily tasks and raise her children. *Id*. The ALJ rejected the opinions of plaintiff's two treating mental health counselors and credited the opinion of Dr. Lewis based on objective and substantial evidence in the record. The court finds that the ALJ's determination of a non-severe mental impairment was not in error.

### 3. The ALJ's RFC Determination

Plaintiff argues that the ALJ improperly failed to consider all of her mental health impairments in his residual functional capacity ("RFC") determination (#8 at 8). Plaintiff asserts

that if "the opinions of Plaintiff's mental health providers are credited the Plaintiff's actual RFC precludes her from performing regular work in the national economy." *Id.*

Plaintiff's argument fails because, as the court concluded above, the ALJ was not required to credit the opinions of plaintiff's treating mental health counselors. The ALJ discredited the treating counselors' opinions based on the opinion of Dr. Lewis, plaintiff's treating physicians' notes, and plaintiff's own testimony about her daily activities. Dr. Lewis' opinion combined with the other evidence in the record is "more than a scintilla" and is evidence that "a reasonable mind might accept as adequate to support [the] conclusion." *Sandgathe v. Charter*, 108 F.3d 978, 980 (9th Cir. 1997). The court finds that the ALJ did not err as a matter of law in making his RFC determination, because he considered all of plaintiff's impairments.

### 4. The ALJ's Failure to Call a Vocational Expert

Plaintiff contends that the ALJ's failure to call a vocational expert ("VE") to testify about plaintiff's ability to perform work in the national economy was in error (#8 at 9). Plaintiff argues that because she suffers from non-exertional impairments, the ALJ's reliance on the medical-vocational guidelines (the "grids") was improper and a VE was required. *Id.*

It is true that "a non-exertional impairment, if sufficiently severe, may limit the claimant's functional capacity in ways not contemplated by the guidelines." *Desrosiers v. Sec'y of Health & Human Serv.*, 846 F.2d 573, 577 (9th Cir. 1988). Thus, "if... the claimant suffers from a combination of exertional and non-exertional impairments and the Guidelines indicate that he or she is not entitled to a finding of disability based solely on exertional impairments, the ALJ must then consider the extent to which the claimant's work capacity is further diminished by the non-exertional impairments." *Tucker v. Heckler*, 776 F.2d 793, 795 (9th Cir. 1985).

In this case, the ALJ applied the grids and found that plaintiff's exertional impairments were not enough for a disability finding (AR 29). As a consequence, the ALJ was required to determine if plaintiff's non-exertional impairments diminished her work capacity. The ALJ satisfied this requirement, because he considered plaintiff's mental impairments when he made his RFC determination. *Id.* at 27.

Relying on Ms. Estrada's opinion, plaintiff alleged difficulty in accepting instructions and

responding appropriately to criticism from supervisors, getting along with coworkers, dealing with the stress of skilled or semi-skilled work, maintaining socially appropriate behavior, understanding, remembering, and carrying out simple instructions, maintaining attention for more than two hours, sustaining ordinary work without special supervision, making simple work decisions, dealing with normal work stress, and responding to changes in work related routines. *Id.* at 22. As concluded above, the ALJ was not required to give the opinion of Ms. Estrada controlling weight. The ALJ properly rejected the opinion of Ms. Estrada based on other evidence in the record, which indicated that plaintiff's mental impairments were controlled by medication and did not affect her daily life to a significant extent. The ALJ determined that plaintiff's mental impairments were non-severe, *id.*, and further determined that plaintiff's work capacity was not diminished by her mental impairments.[4] *Id*. at 29. Therefore, the ALJ did not err as a matter of law in his application of the grids to determine plaintiff's RFC. *See Macri v. Charter*, 93 F.3d 540, 545 (9th Cir. 1996) (because claimant failed to establish a significant non-exertional impairment, application of the grids was proper).

### III. CONCLUSION

Based on the foregoing, the court concludes that:

- The ALJ's rejection of the opinions of plaintiff's mental health counselors was proper because social workers are not acceptable medical sources under the regulations; thus, social worker opinions need not be afforded controlling weight. Moreover, the ALJ found that plaintiff's mental health counselors opinions' were not supported by the record as a whole and, therefore, were worthy of little weight;

- The ALJ's determination that plaintiff's mental impairments were non-severe was proper because he based his conclusion on substantial evidence in the record;

- The ALJ's RFC determination was complete because he considered all of plaintiff's impairments that were supported by evidence in the record; and

- The ALJ's application of the grids was proper because plaintiff did not suffer from a severe non-exertional impairment.

The parties are advised:

1. Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this report and recommendation within ten days

---

[4] The ALJ concluded that "due to the severity of the combination of *all* her impairments, the claimant retains the residual functioning capacity for a full range of sedentary work." (AR 29) (emphasis added).

of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This report and recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

## V. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that the defendants' motion to affirm (#9) be **GRANTED** and plaintiff's motion to remand (#8) be **DENIED**.

DATED: July 9, 2007.

_____
UNITED STATES MAGISTRATE JUDGE